# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| JAMES KILGORE, | ) |  |
| --- | --- | --- |
| Petitioner, | ) |  |
| v. | ) | CAUSE NO.: 3:09-CV-419-TLS |
| SUPERINTENDENT, MIAMI CORRECTIONAL FACILITY, | ) |  |
| Respondent. | ) |  |

## OPINION AND ORDER

The Petitioner, James Kilgore, a prisoner confined at the Miami Correctional Facility, filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [ECF No. 1] on September 10, 2009, challenging a Madison County, Indiana, conviction. On March 1, 2001, the Petitioner was convicted of dealing in marijuana and found to be a habitual offender. (Return to Order to Show Cause Ex. A, ECF No. 8-2 at 15–16.) On March 19, 2001, he was sentenced to eight years imprisonment and to "an additional 4 years for being a habitual offender, for a total sentence of 12 years." (*Id.*, ECF No. 8-2 at 17.) The Indiana Court of Appeals affirmed Kilgore's conviction on April 18, 2002, (*id.* Ex. D, ECF No. 8-5), and he did not seek transfer to the Indiana Supreme Court.

On November 21, 2007, the Petitioner filed a motion to correct erroneous sentence, (*id.* Ex. A, ECF No. 8-2 at 20), which the trial court granted on February 6, 2008, (*id.*, ECF No. 8-2 at 21). The trial court modified the Petitioner's sentence by vacating the habitual offender enhancement, leaving him with an eight year sentence. (*Id.* Ex. F, ECF No. 8-7 at 8.) The Petitioner appealed, asserting that the modified sentencing order was erroneous as a matter of state law. (*Id.*, ECF No. 8-7 at 12–16.) The Indiana Court of Appeals affirmed the trial court's decision on September 4, 2008, (*id.* Ex. I, ECF No. 8-10), and the Indiana Supreme Court denied

his petition to transfer on November 19, 2008, (*id.* Ex. E, ECF No. 8-6 at 5).

The Petitioner's petition for writ of habeas corpus [ECF No. 1] asserts that his modified sentence violated his right to a jury trial under the Sixth Amendment and the Fourteenth Amendment's due process and equal protection clauses. The Respondent argues in his brief [ECF No. 9] that the petition for writ of habeas corpus is time-barred because the Petitioner filed it after the statutory period established by 28 U.S.C. § 2244(d)(1) had already expired. In the alternative, the Respondent asserts that the Petitioner's claims are barred by the doctrine of procedural default.

The Petitioner argues in his traverse [ECF No. 25] that the statute of limitations did not begin to run until November 19, 2008, when his modified sentence became final. He has also filed a Motion to Hold Habeas Corpus Petition in Abeyance or Dismiss the Petition Without Prejudice [ECF No. 23], asking the Court to either hold his petition in abeyance or in the alternative to dismiss his petition without prejudice so that he can present unexhausted claims to the state courts. In his traverse, the Petitioner does not address the Respondent's argument that his claims are barred by procedural default except that he asks permission to "add other issues" besides "sentencing issues" so he can properly exhaust his state remedies and then return to federal court. (Traverse 2, ECF No. 25.)

**PETITIONER'S MOTION FOR STAY AND ABEYANCE**

In his motion for an abeyance, the Petitioner states that he needs to go back to state court and file a petition for post-conviction relief raising grounds not raised in his appeal of his modified sentence in order "to be in compliance with the doctrines . . . of comity and exhaustion." (Mot. Abeyance 1, ECF No. 23.) He states that he intends to "exhaust his state

remedies and promptly proceed back to this court if the errors are not corrected." (*Id.* 2.)

A.  **Stay and Abeyance Request and the Statute of Limitations**

Absent very narrow circumstances, a person convicted pursuant to the judgment of a state court may bring only one application for federal collateral relief. *See* 28 U.S.C. § 2244; *Felder v. McVicar*, 113 F.3d 696, 698 (7th Cir. 1997). Accordingly, a petitioner should present all of his claims in one habeas petition. Under *Rhines v. Weber*, 544 U.S. 269 (2005), a district court has the discretion to stay rather than dismiss the habeas petition of an applicant who has potentially meritorious unexhausted claims when a dismissal "would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). As the Supreme Court stated in *Rhines*:

> . . . it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition.

*Rhines*, 544 U.S. at 278.

The stay-and-abeyance procedure established by *Rhines* "is limited to *timely* petitions." *Parmley v. Norris*, 586 F.3d 1066, 1073 (8th Cir. 2009), *cert. denied*, 130 S. Ct. 3522 (2010). Accordingly, if the Respondent's statute of limitations argument is correct, there is no basis to stay this petition.

The Petitioner argues in his traverse that his sentence modification restarted the statute of limitations. It is well established that resentencing—as opposed to sentence modification— restarts the AEDPA statute of limitations. *Walker v. Crosby*, 341 F.3d 1240, 1246 (11th Cir. 2003) (the habeas statute of limitations is measured "from the date on which the [latest]

resentencing judgment became final"); *Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1293 (11th Cir. 2007) ("AEDPA's statute of limitations begins to run from the date both the conviction *and* the sentence the petitioner is serving at the time he files his application become final because judgment is based on both the conviction and the sentence"), *cert. denied*, 555 U.S. 1149 (2009).

Whether sentence modification restarts the clock for state prisoners seeking to attack their convictions by means of 28 U.S.C. § 2254 depends on the circumstances of the modification. In *Lozano v. Frank*, 424 F.3d 554 (7th Cir. 2005), the petitioner had one year from April 24, 1996, within which to file a timely habeas petition. *Id.* at 555. In 2001, he moved to modify his sentence based on his post-conviction cooperation with authorities in investigating and prosecuting gang members, and the state trial court modified his sentence on March 9, 2002. *Id.* Then in August 2002, the petitioner filed a federal habeas corpus petition.

The respondent challenged Lozano's petition as untimely under § 2244(d)(1). Lozano contended that his petition was timely because his sentence modification "reset" the one-year limitations period and that his conviction was not final until it was modified in March 2002. The Seventh Circuit concluded that because his sentence was modified based on a fact that "did not exist at the time of Lozano's trial and has no bearing on the constitutionality or finality of his convictions . . . [t]he notion that Lozano's sentence modification was a part of the direct review process is a non-starter." *Id.*

The Court finds the Petitioner's case distinguishable from *Lozano* because the trial court modified the Petitioner's sentence based on an error that existed at the time he was sentenced, not on something that arose later. Therefore, under the logic of *Lozano*, the Petitioner's sentence modification was at least arguably a part of the direct review process. The modification of the

4

Petitioner's sentence was the equivalent of the resentencings found by the Eleventh Circuit to restart the AEDPA clock in *Ferreira v. Secretary for the Department of Corrections* and *Walker v. Crosby*. Moreover, the Petitioner's petition for writ of habeas corpus challenges only the sentence modification, so it makes no sense to construe the statute of limitations for this claim as commencing on the date of his original sentencing rather than the date of the sentence he is actually challenging—the sentence modification. Based on the circumstances presented in this case, the Court concludes that the Petitioner's petition for writ of habeas corpus challenging his sentence modification is part of the direct review process and therefore timely.

**B.     Other Stay and Abeyance Considerations**

The Court's conclusion that the Petitioner's habeas petition is timely does not end the inquiry. This Court must also consider whether "the Petitioner had good cause for his failure to exhaust," whether "his unexhausted claims are potentially meritorious," and whether there is any "indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278. An adverse determination on any of these elements results in the denial of a stay.

It does not appear that the Petitioner engaged in intentionally dilatory litigation tactics, and this Court does not have sufficient information to evaluate the merits of his additional claims because he has not stated the nature of those claims.[1] But the Petitioner does not advance any reason why he did not present the claims he now wishes to raise at the same time he prosecuted the appeal of his modified sentence. As the Seventh Circuit has stated, "a stay and abeyance of a

---

[1]The Petitioner suggests in his Motion for Abeyance that his new claims have something to do with the "amended sentencing order" as opposed to the "initial sentencing error." (Mot. Abeyance 1.) However, the Petitioner suggests in his Traverse that his new claims involve "other issues" besides "sentencing issues." (Traverse 2.)

5

mixed habeas petition is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Arrieta v. Battaglia*, 461 F.3d 861, 866 (7th Cir. 2006) (quotation marks omitted). Because the Petitioner has not shown good cause for his failure to exhaust his additional claims during the appeal of his modified sentence, the Court must deny his request for a stay while he attempts to present these claims to the state courts in a collateral attack.

## PETITIONER'S HABEAS CORPUS PETITION AND PROCEDURAL DEFAULT

In his petition for writ of habeas corpus, the Petitioner asserts that his modified sentence violated his right to a jury trial under the Sixth Amendment and the Fourteenth Amendment's due process and equal protection clauses. In his response to the order to show cause, the Respondent argues that the Petitioner's petition for writ of habeas corpus is untimely and, in the alternative, that he procedurally defaulted these constitutional claims because he did not exhaust his state court remedies by presenting them to the state courts in his appeal of his sentence modification. This Court has already determined that the petition for writ of habeas corpus is timely, and will now address the Respondent's procedural default argument.

Title 28 U.S.C. § 2254(b)(1)(A) provides that a state prisoner's application for a writ of habeas corpus shall not be granted unless "the applicant has exhausted the remedies available in the courts of the State." Before considering the merits of a habeas petition, a federal court must ensure that the petitioner has exhausted all available remedies in the state courts. *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004) ("the petitioner must raise the issue at each and every level in the state court system").

The Exhaustion Doctrine requires that a habeas petitioner "fairly present" his federal claims to the state courts before submitting them to the federal courts. *Verdin v. O'Leary*, 972 F.2d 1467, 1472–73 (7th Cir. 1992) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). Fair presentation contemplates that "both the operative facts and the controlling legal principles," *Verdin*, 972 F.2d at 1474 (quotation marks omitted), and "the substance of a federal habeas corpus claim," *Picard*, 404 U.S. at 278, must be presented to the state courts before being presented to the federal courts. Failure to present such matters restricts the issues that a federal court may consider during collateral review. *Lewis*, 390 F.3d at 1026 ("A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim.").

In his traverse, the Petitioner contends that he "has argued the same arguments from the start that he is now raising in his habeas petition." (Traverse 2.) But the Petitioner's state court appellate brief and his reply brief establish that the only claim presented in his direct appeal of his sentence modification was a claim that the sentence modification adopted by the trial court violated state law. (Return to Order to Show Cause Ex. F, ECF No. 8-7 at 10; *id.* Ex. H, ECF No. 8-9 at 5–8.) In his appellate brief and reply brief, the Petitioner cites only state statutes and state cases, and does not cite the Sixth or Fourteenth Amendments or any cases relying on those amendments. (*See id.* Ex. F, ECF No. 8-7 at 4–5; *id.* Ex. H, ECF No. 8-9 at 4.) Because the Petitioner did not present to the Indiana Supreme Court the facts and arguments he advances in his habeas petition regarding the Constitution's Sixth and Fourteenth Amendments, he has not exhausted those claims.

A habeas petitioner can overcome a procedural default, including failure to exhaust, by

showing both cause for his failure and a prejudice that will result from that failure. *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977) ("review of the claim should be barred on habeas . . . absent a showing of cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violation"); *Wrinkles v. Buss*, 537 F.3d 804, 812 (7th Cir. 2008) ("A defendant may overcome procedural default by showing both 'cause' for failing to abide by the state procedural rules, and a resulting 'prejudice' from that failure.") (quoting *Wainwright*, 433 U.S. at 87). Cause sufficient to excuse procedural default "ordinarily requires a showing of some external impediment preventing counsel from constructing or raising the claim." *Murray v. Carrier*, 477 U.S. 478, 492 (1986).

The Petitioner does not present any argument that would establish cause for his failure to exhaust his state court remedies on his Sixth and Fourteenth Amendment claims. He does not indicate that his attorney was prevented from raising these claims at the state courts, *see Murray*, 477 U.S. at 492, nor that his attorney was ineffective, *see Wrinkles*, 537 F.3d at 812 ("Attorney error rising to the level of ineffective assistance of counsel can constitute cause to set aside procedural default."). Moreover, he has not established prejudice resulting from his failure to present his Sixth and Fourteenth Amendment claims in his appeal from his sentence modification because he points to no caselaw indicating that the correction of his sentencing error and the Indiana trial court's remedy violates federal law, suggesting that even if he had raised these claims, they would not have succeeded. *See Wainwright*, 433 U.S. at 91 (finding no prejudice under the cause and prejudice standard when attorney failed to object to admission of inculpatory statement at trial because "the other evidence of guilt . . . was substantial to a degree that would negate any possibility of actual prejudice resulting . . . from the admission of his inculpatory

statement").

A habeas petitioner may also overcome a procedural default by establishing that the court's refusal to consider a defaulted claim would result in a fundamental miscarriage of justice. *House v. Bell*, 547 U.S. 518, 536 (2006). Under this narrow exception, a habeas applicant must establish that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. A petitioner who asserts actual innocence "must *demonstrate* innocence; the burden is his, not the state's." *Buie v. McAdory*, 341 F.3d 623, 626–27 (7th Cir. 2003). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). The Petitioner has not presented a fundamental miscarriage of justice argument because he does not assert that he is actually innocent of the charges against him. Rather, he is merely challenging the validity of the sentence imposed on him.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the Court must consider whether to grant the Petitioner a certificate of appealability. To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted).

When the court dismisses a petition on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Id.* at 484–85. First, the petitioner

9

must show that reasonable jurists would find it debatable whether the court was correct in its procedural ruling. *Id.* at 484. Next, the petitioner must show that reasonable jurists would find it debatable whether the petition states a valid claim for denial of a constitutional right. *Id.* To obtain a certificate of appealability, the petitioner must satisfy both components. *Id.* at 485.

For the reasons stated in this memorandum, the Court concludes that this petition is barred by doctrine of procedural default because the Petitioner did not exhaust his state court remedies as to the federal constitutional claims he presents in his petition for writ of habeas corpus. The Petitioner has not established that reasonable jurists could debate the correctness of this procedural ruling or find a reason to encourage him to proceed further. Accordingly, the Court declines to issue the Petitioner a certificate of appealability.

## CONCLUSION

For the foregoing reasons, the Petitioner's Motion to Hold Habeas Corpus Petition in Abeyance or Dismiss the Petition Without Prejudice [ECF No. 23] and the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [ECF No. 1] are DENIED. The Court DISMISSES the petition for writ of habeas corpus pursuant to 28 U.S.C. 2254(b)(1)(A), DIRECTS the Clerk to close this case, and DENIES the Petitioner a certificate of appealability.

SO ORDERED on March 13, 2012.

                                             s/Theresa L. Springmann  
                                            THERESA L. SPRINGMANN  
                                            UNITED STATES DISTRICT COURT  
                                            FORT WAYNE DIVISION